UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

NYC PARKS; COURT OF APPEALS, CITY OF NEW YORK (HRA); NYC MTA; NYPD,

                Defendants.

20-CV-6150 (CM)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

      By order dated November 7, 2019, the Court barred Plaintiff from filing any new civil action in this Court *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Because Plaintiff continued to file scores of new frivolous actions after the bar order, the Court imposed additional filing restrictions on her. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the relevant fees or IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules).

      On August 5, 2020, Plaintiff filed this new complaint.[1] With the exception of a copy of the Court's February 14, 2020 order, she has submitted the required documents to comply with the Court's February 14, 2020 filing restrictions. The Court has reviewed Plaintiff's submissions and concludes that this action is not a departure from Plaintiff's pattern of vexatious and

---

[1] A review of the Court's records reveals that Plaintiff has filed 25 new complaints since July 2, 2020.

nonmeritorious filings. Plaintiff fails to allege any facts suggesting that she has a plausible claim for relief. Because Plaintiff has failed to show good cause why she should be permitted to file this new action, the Court denies her leave to file this action. The Court directs the Clerk of Court to close this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court, and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to transmit a copy of this order to Plaintiff and note service on the docket.[2]

The Court denies Plaintiff's application to proceed IFP and her motion for leave to file this new civil action. (ECF Nos. 1, 6.) The orders barring Plaintiff from filing any new civil actions in this Court IFP without first seeking permission of the Court remain in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions in this Court and monetary penalties.

The Clerk of Court is directed to close this action.

---

[2] Plaintiff has consented to electronic service of Court documents. (ECF No. 3.)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 7, 2020
       New York, New York

                                            COLLEEN McMAHON
                                     Chief United States District Judge